LEBRECHT v. WILCOXON.

**Statute of Limitations:** LAWS OF ANOTHER STATE. Section 2534 of the Code does not require that one shall have become a resident of this state to be entitled to plead that the cause of action is barred by the laws of the state in which he has resided.

*Appeal from Scott District Court.*

MONDAY, DECEMBER 14.

ACTION upon promissory notes executed in Tennessee in 1859. The defendant in his answer alleges that, in 1861, he became a resident of the state of Connecticut where he has ever since resided, and that, by the laws of that state, which are properly pleaded, action upon the notes was barred before the commencement of this suit. Plaintiff demurred to the answer on the ground that it is not shown defendant was, at any time, a resident of the state of Iowa, or, in the language of the demurrer, "it is nowhere averred that at any time defendant removed to the state of Iowa from the place he previously resided." The demurrer was overruled and, defendant electing to stand thereon, judgment was rendered against him, from which he appeals.

*Brown, Campbell & Gould*, for appellant.

*Davison & Lane*, for appellee.

BECK, J.—Actions in this state founded on written contracts are barred in ten years. But it is provided, " when a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter; but this section shall not apply to causes of actions arising within this state." Acts Thirteenth Genl. Ass., Chap. 107, § 10. Code, § 2534. The decision of this case turns upon the construction of this provision.

Lebrecht v. Wilcoxon.

Plaintiff's counsel insist that a defendant is not entitled to plead the bar of the statute of another state unless he be a resident of this state, or, in the language of counsel, " he must have removed to the state of Iowa " from the state in which he became entitled to the bar. . They base this construction wholly upon the use of the adverb "*previously*" in the first part of the section. This, they insist; implies that the defendant must, after the bar has become perfect in another state, remove to this state to be entitled to plead it here. We are unable to see the force of the arguments advanced to support this conclusion.

The word *previously*, upon which counsel rely to support their position, is an adverb of time, used in comparing an act or state named, to another act or state, subsequent in order of time, for the purpose of asserting the priority of the first. The act of defendant residing in another country, it is declared in the section, must have been prior—" previously resided " is the language—in point of time in comparison with some other act. What is. that act?

The context readily suggests that it is the act contemplated as of the subject matter regulated and provided for in the chapter. This. subject matter and this act are expressed in the first section, as the time within which actions may be brought. The act contemplated in the statement of the subject matter, is the bringing of actions. The act, then, of the defendant in *having resided* in another country, is compared in point of time with the act of the plaintiff in. bringing the action, and the language of the section simply means that when "the defendant has previously (to the bringing of this action) resided " at the place and for the time contemplated in the provision, the suit is barred. This meaning of the section is so plain and so clearly required by the idioms of our language, that discussion can add but little force to our conclusion. We are satisfied beyond a doubt that the residence of defendant in, or " his removal to," the state should not have been averred in order to make his answer good.

II. Two or three other points are made by appellant's counsel. But as they were not passed upon in the court below

they cannot be considered here. We have repeatedly held that we cannot pass upon questions that were not decided in the court below.

AFFIRMED.