## Ross v. Rees et al.

1. **Evidence**: INSUFFICIENCY OF. Evidence considered and held insufficient to establish the indebtedness upon which the plaintiff's action was founded.

2. **Statute of Limitations**: ACTION AGAINST NON-RESIDENT. An action will not be held barred by the statute of limitations where the defendant has never been a resident of this State, and it is not shown to have become barred under the laws of any other State in which he has resided.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, DECEMBER 16.

ACTION in chancery. There was a decree dismissing plaintiff's petition and granting the relief prayed for by defendant, D. E. Rees, in his cross-bill. From the decree dismissing plaintiff's petition he appeals.

*L. Bullis* and *O. J. Clark*, for appellant.

*Cooley, Fannon & Akers*, for appellees.

BECK, J.—I. The amended and substituted petition, upon which the case was finally submitted for trial, alleges that from 1845 to 1856 Samuel D. and Jacob Rees were co-partners in the milling business in Berkley county, Virginia, under the firm name of S. D. Rees & Co.; that plaintiff became the indorser and surety for said firm to several parties, and judgment was rendered against him upon one claim and his property sold thereon, and two other claims he paid; that the aggregate amount of these claims and interest thereon is $24,000; that July 10, 1856, Samuel D. Rees and wife executed to David E. Rees a trust deed conveying certain lands in Virginia, and others in Winneshiek and other counties in this State, in trust to be sold by the trustee and the proceeds to be used in paying the debts of the firm; that the trustee

has sold the Virginia lands for $40,000 or $50,000, which he has converted to his own use; that the Iowa lands he has refused and neglected to sell. The petition prays that plaintiff may be subrogated to the rights of the creditors of the firm whose claims he paid as indorser or surety; that the trustee be required to perform the trust by the sale of the land, and the application of the proceeds to the payment of plaintiff. The answer of the defendant, David E. Rees, denied the allegations of the petition and in his cross-bill he prays for relief by the payment, out of the proceeds of the lands, for services and for sums he had advanced in payment of taxes and for other expenses. As no question is raised upon the cross-bill or the relief granted to the trustee by the decree of the court, no further attention need be given to this branch of the case. After the suit was commenced the plaintiff died, and his living heirs were substituted as plaintiffs. The title of the suit remains unchanged in the abstract before us. We gather from the abstract that the heirs of Samuel D. and Jacob Rees are made defendants. Whether they answered or made default is not shown in the abstract. It is stated in the abstract, as we understand its rather uncertain meaning, that both plaintiff and defendants fail to answer the cross-bill. As counsel on neither side make any question of the rights of the heirs of Samuel D. and Jacob Rees, we presume they thought it unnecessary to present the condition of the pleadings and record, as to these parties, in the abstract. We will, therefore, not consider their rights if they be involved in the case.

II. The case may be briefly disposed of, and the judgment of the court below dismissing the petition of plaintiff may be affirmed, on the ground that the evidence fails to establish any claim held by the plaintiffs against the co-partnership of S. D. Rees & Co. But one witness pretends to give any evidence in support of plaintiff's claim, which is based upon the payment in three separate cases of debts against the firm, for which he was surety as an indorser or otherwise. It is claimed that the lands were sold upon

1. EVIDENCE: insufficiency of.

a judgment rendered upon the first claim. But there is not one word of evidence showing that there was a judgment or a sale of the lands thereon, or that plaintiff in any manner paid one cent on account of the firm upon the debt in this case.

The second case is no better supported by the testimony. The witness shows that in 1856 he adjusted the claim of plaintiff against the firm on account of plaintiff's payment of another debt for which he was bound as indorser, and found $3,700 due plaintiff. It is shown that all the papers are lost or destroyed, and a witness who had knowledge of the transaction is dead, but there is no testimony that plaintiff recovered judgment on his claim.

The third case is very similar. It is shown that in 1856 plaintiff prosecuted a claim he held against one Boyd, who set off a claim he held against plaintiff, on account of a note executed by the firm which plaintiff had indorsed. In this case it is not pretended that the papers are lost.

The evidence is too indefinite and uncertain to establish a claim in either case. Two of them are based upon promissory notes upon which judgments were rendered; it is not shown that the judgments are destroyed. The witness simply states the fact of the existence at one time of such judgment. In the other case it is shown that all the papers are lost; it is not stated that a judgment was rendered against plaintiff. The witness does not pretend to give the substance of the contents of the papers. He simply states his memory of the amount due thereon in 1856. The evidence is utterly insufficient to support plaintiff's cause of action, and authorize a recovery in this case. Each separate claim is based upon a judgment or promissory notes. No excuse is given for not producing the judgments in evidence. In the case where no judgment seems to have been rendered, it is said that the "papers" are lost or destroyed, but no attempt is made to prove their contents or substance. The court rightly dis-

missed plaintiff's petition; there was not sufficient evidence to support it.

III. The defendant insists that plaintiff's claim is stale, and for that reason equity will not enforce it. We need not inquire whether this position is sound, as the petition must be dismissed for want of sufficient evidence to establish plaintiff's right to recover.

IV. It is also insisted that the action is barred by the statute of limitations. But the abstract shows that the defendant is, and has been, a non-resident of the State. The statute, therefore, does not run against the claim. Code, § 2533. Nor is it shown that the cause of action is barred by the laws of any other State of which defendant was a resident. Code. § 2534. The action is not, therefore, barred by the statute. The judgment of the Circuit Court must be

2. STATUTE of limitations: action against non-resident.

AFFIRMED.