ARTHUR N. JORDAN *vs.* CHARLES C. SECOMBE and wife.

February 14, 1885.

**Guardian's Sale — Attorney in Fact of Non-resident Guardian —
Oath.**—Under the provisions of Gen. St. 1866, *c.* 57, § 29, as amended
by Laws 1870, *c.* 63, proceedings for the sale of lands by a foreign guard-
ian were authorized to be conducted through an attorney in fact: and the
oath required to be taken before fixing the time and place of sale might
properly be taken by such attorney in fact.

**Same—Statute of Limitations—Action by Non-residents—"Return to
the State."**—Gen. St. 1878, *c.* 57, § 50, provides "that persons out of
the state," entitled to bring an action for the recovery of real estate sold
by a guardian, may bring such action for the recovery of the same within
five years after "their return to the state." *Held*, that such exception
to the limitation provided by that section is general, and applies as well
to those who have always resided abroad, as to those who have been resi-
dents of or been in the state, and returned after absence therefrom.

**Same—Grantee or Heir of Ward.**—The grantee or heir of a ward is not
within the exception, but the time limited commences to run as to him
immediately on the transfer of the estate; but if the ward continued to
be entitled thereto, such grantee or heir succeeds to his right therein, un-
affected by previous lapse of time.

**Same—Assignability of Right of Ward.**—The right of the ward to recover
his estate in such case survives and is assignable.

**Appeal—Questions of Fact.**—This court will not consider questions of
fact not passed upon by the trial court.

Action for partition, brought in the district court for Hennepin
county, in February, 1884. The complaint alleges that plaintiff is
the owner of an undivided one-third of the lands described, and that
defendant Charles C. Secombe is the owner of the other two-thirds.
The answer denies that plaintiff is the owner of any part of the lands
described, and alleges that the defendant Charles C. Secombe is the
owner of the whole thereof, that plaintiff's only claim of title is under
a quitclaim deed from one Willie E. Smith, made in 1881 and more
than five years after he (Smith) became of age, and that the defend-

ant acquired the interest attempted to be conveyed by Smith to the plaintiff under a sale made in 1871 by Maria F. Smith as guardian of Willie E. Smith. The reply admits that plaintiff's claim of title is based upon the quitclaim deed from Willie E. Smith, alleges that Smith has always been and still is a resident of the state of Maine, and attacks the validity of the guardian's sale.

The action was tried before *Koon*, J., without a jury, and upon the facts found, which are stated in the opinion, the court held that the statute of limitations had run in favor of the guardian's sale, and ordered judgment for defendants, from which the plaintiff appeals.

*Robinson & Bartleson*, for appellant.

*Secombe & Sutherland*, for respondents.

The plaintiff is barred from attacking the guardian's sale by Gen. St. 1878, *c.* 57, § 50. The plaintiff is expressly within the limitation clause of the statute, and is not within the exception. No person can claim the benefit of the exception unless expressly mentioned. The legislature has, *ex industria*, omitted to include plaintiff in the exception. Angell on Limitations, §§ 194, 476, 485; *Bunce* v. *Wolcott*, 2 Conn. 27; *Griswold* v. *Butler*, 3 Conn. 227; *McIver* v. *Ragan*, 2 Wheat. 25; *Troup* v. *Smith*, 20 John. 33, 47; *Peak* v. *Buck*, 59 Tenn. 71; *Williams* v. *Council*, 4 Jones, Law, (N. C.) 206; *Bank of Alabama*, v. *Dalton*, 9 How. 522; *The Sam Slick*, 2 Curtis C. C. 480; *U. S.* v. *Maillard*, 4 Benedict, 459.

VANDERBURGH, J. The plaintiff claims title to the premises in question under a quitclaim deed, dated December 22, 1881, executed to him by one William E. Smith, who formerly held title to the land, and has always been a non-resident of the state. The defendant claims under a sale made during the minority of Smith, by his guardian, under the direction of the probate court of Hennepin county, on the eighth day of December, 1871. He became of age, and his guardianship terminated, on the 21st day of July, 1878, more than five years before the commencement of this action. The guardian was a non-resident, and the sale was made through an attorney in fact for him, in pursuance of Gen. St. 1866, *c.* 57, § 29, as amended by Laws 1870, *c.* 63, (Gen. St. 1878, *c.* 57, § 32,) and the objections chiefly urged to its validity are (1) that no oath was taken by the guardian be-

fore fixing on the time and place of sale; (2) that no bond was filed by the guardian as required by Gen. St. 1866, *c.* 57, § 33.

1. The oath in the required form was taken by the attorney in fact who conducted the proceedings, and we think this was proper and sufficient. Section 41, which requires the guardian's oath, is to be interpreted in connection with section 29, as thus amended, which provides that a foreign guardian may act by his attorney in fact thereto by him appointed under his hand and seal; the power of attorney to be recorded in the office of register of deeds. It is clear from the form of the oath that it might properly be taken by the person who made the sale, and who was the responsible actor in the proceedings. The statute authority to take charge of the business and act for the foreign guardian clearly includes the power to take the required oath. Whether the amendment to section 41 made by Laws 1873, *c.* 56, (Gen. St. 1878, *c.* 57, § 45,) would in any way modify this rule, we need not consider.

2. Whether any bond was filed was a question of fact to be determined by the trial court. In the absence of any finding this court will not consider the evidence on the subject. The record discloses certain evidence in relation to the matter, but no determination or finding, for the reason that the court doubtless deemed it unnecessary, in view of its disposition of the case under the statute of limitations, the effect of which upon plaintiff's cause of action it becomes necessary for us to consider.

3. The statute in such cases (Gen. St. 1878, *c.* 57, § 50) provides that no action for the recovery of real estate sold by any executor or administrator under this chapter shall be maintained by any heir or other person claiming under the deceased, unless it is commenced within five years after the sale; and no action for any estate sold by a guardian shall be maintained by the ward or any person claiming under him, unless commenced within five years next after the termination of the guardianship, "except that persons out of the state, and minors and others under legal disability to sue at the time when the right of action first accrues, may commence such action at any time within five years after the removal of the disability or their return to the state."

It is conceded that Smith was within the exception both as respects the disability of minority and absence from the state when the cause of action accrued, and that the so-called disability of absence from the state continued to the time when he conveyed the land to plaintiff, so that at that date the statute had not commenced to run.

It may be remarked, in construing these provisions, that in respect to "persons out of the state," the exception is intended to be general, and is not restricted, by the words "their return to the state," to those who have resided or been in the state and returned again after an absence therefrom. The exception is to be considered as extending equally to persons who have resided always abroad. This construction of the statute appears to be well settled. *Ruggles* v. *Keeler*, 3 John. 263; *Hall* v. *Little*, 14 Mass. 203; *Wilson* v. *Appleton*, 17 Mass. 180.

This point is not, however, insisted on by the respondent, but he contends that this plaintiff is not within the class of persons excepted by the statute, and that the statute has run as to him. Persons claiming under the ward are within the limitation clause, but are clearly not within the exception. The statutory disability would, therefore, be removed by the death of the ward, or the assignment of his interest, and the statute would immediately commence to run against the heir or grantee. This is what is meant, and is the only reasonable construction of the statute. If the right of the ward to an estate in the land was unimpaired, it cannot be said to have been barred by the statute when he made the transfer thereof, for it had never run against the assertion of his claim. It must therefore, if the defendant's position is correct, be deemed not assignable; that is to say, such right or cause of action would not survive to the executor or heir, and the statute has extended a mere personal privilege to certain parties, and by implication all others are excluded. Such was not, however, the intention of the legislature, but rather, as before stated, to suspend the operation of the limitation clause in favor of the persons excepted, and not in favor of their successors in interest, who would, nevertheless, acquire the estate or interest of the grantor or ancestor, unaffected by previous lapse of time. *Ford* v. *Langel*, 4 Ohio St. 464. This must necessarily be so, because, if the

ward continues entitled by law to an estate in the land, it is a right vested in him which survives, and is hence assignable. Gen. St. 1878, c. 77, § 1; *Hoyt* v. *Thompson*, 5 N. Y. 320, 347; Pom. Rem. § 147. His personal representatives would have the right to the possession of all such real property of which his title had not lawfully been divested, and might bring ejectment therefor, and cause the same to be assigned to his heirs or devisees. Gen. St. 1878, c. 52, § 6; c. 56, § 4; *Miller* v. *Hoberg*, 22 Minn. 249. So, if the ward had died or conveyed the land after suit brought in his own name, we have no doubt the action would not abate, but might be continued in the name of his personal representatives, or grantee or heir. Gen. St. 1878, c. 66, § 41; *Carey* v. *Robinson*, 13 Ohio, 181, 193; *Shively* v. *Beeson*, 24 Kan. 352. We are of opinion, therefore, that the statute is not a bar to this action.

The judgment is reversed, and the cause remanded to the district court for further findings of fact and law upon the record, or for a new trial, as the court may order.