IRA P. WETMORE, Appellant, v. HENRY MARSH *et al.*, Appellees, AND D. M. McFARLAND, Appellant.

| 81 | 677 |
| 86 | 613 |
| 81 | 677 |
| 107 | 21 |
| 81 | 677 |
| 116 | 638 |
| 81 | 677 |
| 124 | 759 |

1. **Mechanic's Lien:** ACCOUNT: SUFFICIENCY. A statement of an account in the language and form peculiar to the trade in a given class of materials is a sufficient compliance with the requirement, that a statement for a mechanic's lien shall be accompanied with an account of the items forming the basis of the claim for a lien.

2. ———— : AFFIDAVIT: JURAT: SIGNATURE. Where a paper purports to have been prepared for filing with the district court, and the law requires it to be so filed, a jurat to an affidavit therein which is signed by one who describes himself merely as "clerk" is sufficient.

3. ————: STATUTE OF LIMITATIONS. A non-resident of this state cannot avail himself of the statute of limitations as a defense to an action commenced here.

4. ————: MORTGAGE: SUPERIOR EQUITY. The fact that money obtained by mortgage upon real estate is applied in payment thereof will not entitle the mortgagee to a superior equity over a mechanic's lien for materials furnished for a dwelling erected thereon, where the mechanic's lienholder was in no manner a party to the former transaction.

5. ——: CONTRACT : EXTRAS. A contract for furnishing materials for the erection of a house, generally, includes extras, and will support a mechanic's lien for the whole.

6. Account : ASSIGNMENT: EVIDENCE. Evidence that a firm asserting ownership to an account is the successor in business of the firm with which the account was contracted, the former firm being composed of two out of three of the copartners comprising the latter firm, is sufficient proof of ownership of the account.

*Appeal from Polk District Court.*— HON. W. F. CONRAD, Judge.

MONDAY, JANUARY 26, 1891.

THE plaintiff brings this action in chancery to foreclose a mortgage executed by defendant, Marsh. Ewing, Jewett and Chandler were made defendants, and answered that they did hold a mechanic's lien against the property covered by the mortgage, which they had transferred to their successors in business, Ewing and Jewett. The mortgagors failed to answer, and default was rendered against them. Ewing and Jewett intervene, showing that they hold a mechanic's lien on the property for lumber furnished by them, and used for building a house upon the property, and ask that it be foreclosed. D. M. McFarland was made a defendant by Ewing and Jewett, and, appearing in the case, shows that he holds a mortgage upon the property which is superior to the mechanic's lien of the intervenors. The court below found that the mechanic's lien was superior to the mortgages of plaintiff and McFarland, and so decreed. There is no controversy between the mortgagees as to priority of their respective mortgages. The plaintiff and defendant McFarland, the mortgagees, appeal.

*H. E. Long*, for appellants.

*Smith & Morris*, for appellees.

BECK, C. J.—I. There is no controversy between the appellants, and they unite in opposition to the

claim of Ewing and Jewett to establish a mechanic's lien.  We shall notice their objections to

**1. MECHANIC'S lien: account: sufficiency.** the decree of the court below in the order presented by counsel.  It is first insisted that no statement and account of the materials furnished, for which the lien is claimed, was verified and filed, as required by statute for mechanics' liens.  The first ground of this objection is based upon the claim that the account setting out the materials furnished is insufficient.  It is insisted that the account is indefinite, and does not show by sufficient description what materials are intended to be specified.  The account shows that Ewing and Jewett are lumber merchants, and the claim for the lien filed with the account, in the office of the clerk of the court, shows that the materials charged consisted of lumber used in building a house.  The account is made out in the usual manner of bills and accounts of lumber.  The first item is in this form:

|  |  | "1886. |  |  |  |
|---|---|---|---|---|---|
| " May 25 | 60 | 2 | 4 | 16 |  |
|  | 12 | " | " | 12 |  |
|  | 3 | 2 | 8 | 16 | S. S. |
|  | 31 | 2 | 8 | 16 | Rgh. |
|  | 9 | " | " | 12 |  |
|  | 20 | 2 | 4 | 16 |  |
| 1000 ft. Dr. |  |  | Sheetg. |  |  |
|  | 20 | 2 | 4 | 10 |  |
|  | 9 | " | " | 14 | $52.36." |

This item being understood to describe building materials, as is shown by the statement filed with the clerk, describes in form and language used in such cases the kind of lumber delivered.  The first line of the item is interpreted as follows:  "Sixty pieces, two inches by four inches, sixteen feet long."  The abbreviations and letters following the lines indicate the condition, whether rough surfaced or dressed, and other description.  No complaint was made in the court below based upon this objection.  Had the account appeared to the district court as unintelligible, evidence could have been admitted to interpret it as being language peculiar to trade.  1 Greenl. Ev., secs. 277, 278,

280. We do not require such evidence, as the account can be readily read and understood by us.

II. It is next insisted that the claim for a lien is not sufficient, for the reason that the purport of the affidavit verifying it does not show that it was sworn to, being signed thus: "L. A. Wilkinson, Clerk." The paper was prepared for the district court, where the law required it to be filed. It is the case of a paper to be deposited with the clerk just as records and other papers in actions or special proceedings are to be filed with him. In these cases the clerk need not give his full official title, for it will be understood that he is the clerk of the court or county in which such proceedings are pending. The venue of the jurat shows the county and the court, and the signature of the officer shows that he is the clerk. It will be presumed by the law that he is the clerk of the court. *Ewing v. Folsom*, 67 Iowa, 65. The district court knew judicially its clerk (*Finn v. Rose*, 12 Iowa, 566), and the word "clerk" added to the name of the officer means that he is the clerk of the court in which the proceeding is pending. Code, sec. 45, par. 25. The lien proceeding was pending in the clerk's office, for the papers therein were there deposited. The word "clerk," appearing after the name of the officer, designated him as the clerk of the court in whose office the claim for the lien is filed.

*2. ——: affidavit: jurat: signature:*

III. It is maintained that a payment was made upon the account of one hundred and seventy dollars, which should be applied thereon as a credit. The evidence plainly shows that this payment was, by direction of the purchaser of the property, applied upon another indebtedness which he owed Ewing and Jewett. These remarks dispose of this point.

IV. It is next urged that the evidence fails to show that the lumber was used in erecting a building upon the lot involved in this suit. We think differently. While the evidence is not as plain as it might be, as to the precise locality where the lumber was delivered, it appears quite satisfactorily that it was used

in erecting the house upon the lot charged in the proceedings for the lien. There is no sufficient evidence leading to a different conclusion.

V. McFarland set up the statute of limitations against the mechanic's lien. He was made a party to the action more than a year after the petition to foreclose the mechanic's lien was filed. He claims that the action as against him is barred. But it appears that he is, and has been, a non-resident of the state, and cannot, therefore, invoke the statute of limitations. His counsel thinks the evidence fails to show that he is a non-resident. We think it is quite plainly established by the evidence.

3. ——: statute of limitations.

VI. It is claimed that certain money was obtained by Marsh from McFarland to pay to Wetmore on the purchase of the land. It is argued that this fact gives McFarland an equity over the mechanic's lien. We are utterly unable to discover force in this position. Ewing and Jewett had nothing to do in changing the condition of the other parties, or with the transaction between these parties. Ewing and Jewett are shown to be guilty of no fraud, and are bound by no contract with McFarland or others affecting their rights in this regard.

4. ——: mortgage: superior equity.

VII. Counsel for plaintiffs insist that a part of the materials called "extras" were contracted for subsequently to the first contract. We think the original contract was for the materials for the house generally, and not limited to a part of it.

5. ——: contract: extras.

VIII. Counsel claim that Ewing & Jewett failed to show an assignment from Ewing, Jewett & Chandler of the claim for the lumber. We think it appears that the last-named firm was the successor of the first by the change of the copartnership, Chandler going out of the firm. This evidence sufficiently establishes the transfer to the last firm.

6. ACCOUNT: assignment: evidence.

These considerations sufficiently dispose of all questions in the case. The decree of the district court is AFFIRMED.