CITY OF DAVENPORT v. ALLEN et al.

(Circuit Court, S. D. Iowa, E. D. January 27, 1903.)

No. 243.

1. LIMITATIONS—IOWA STATUTE—NONRESIDENCE OF DEFENDANT.
      Under the statute of Iowa, as construed by its supreme court, limitation does not run in favor of a defendant during the time he is a nonresident of the state.

2. RES JUDICATA—MATTERS CONCLUDED BY JUDGMENT.
      A decision of the supreme court of Iowa, in a suit by a property owner against a city, that a contract for paving a street, made by the city, was void because it created an indebtedness of the city beyond the constitutional limit, in respect to street intersections and pavement in front of abutting public property, for which the city was required to pay, is not an adjudication between the parties that the property of the complainant is not liable for the reasonable value of the paving done in front of it,

¶ 1. See Limitation of Actions, vol. 33, Cent. Dig. § 458.

which the city has paid for, to be recovered by a suit in equity, under sections 478, 479, Code Iowa 1873, nor is a further decision in such suit that the city could not set up such claim by a cross-bill therein, filed after the case had once gone to decree, a bar to the maintenance of a separate suit therefor.

3. MUNICIPAL CORPORATIONS—SUIT TO RECOVER FOR STREET IMPROVEMENTS—IOWA STATUTE.

Where a special assessment made for street paving was illegal, but the work was done, and the city subsequently paid the claim of the contractor therefor, it may maintain a suit in equity against an abutting property owner to recover for the improvement in front of his property on a quantum meruit, under sections 478, 479, Code Iowa 1873; and the defendant cannot set up to defeat such recovery any technical irregularity in the assessment or proceedings, or that the city had no authority to pay the claim of the contractor.

In Equity. On demurrer to answer and cross-bill.

Henry Thunen, Jr., and E. M. Sharon, for complainant.

Hiram J. Grover, W. W. Chamberlain, and W. R. Donaldson, for defendants.

McPHERSON, District Judge. This case is by a bill in equity brought in the state court at Davenport, Iowa. The plaintiff is a city under a special charter under the laws of Iowa, and for the purposes of this case a city of the first class, under the laws of Iowa. The defendants are all, save one, citizens of other states, and that other is a citizen of Rome, Italy. On the ground of diverse citizenship, on petition of defendants, the case was removed to this court.

From the bill the following facts appear: In 1896 the plaintiff, by its counsel, directed the paving and curbing of Eddy street and the Le Claire road, in the city, of about 3,700 feet, and adopted a resolution therefor. Notice thereof was duly given and published, and sealed bids invited for the work. The Flick & Johnson Company was the lowest and best bidder therefor, and was awarded the contract, and gave a bond for the performance of the work. From the inception of these matters, up to March, 1897, the defendants were the owners of certain lands abutting on the streets, subject to a life estate of Ann R. Allen, and since the date stated have been and still are the absolute owners of the land. Under the law then in force, the cost and expenses of said improvements became a lien on the land. The Flick & Johnson Company did furnish the material and perform the labor and did curb and pave said streets to the satisfaction of the city authorities. A plat of said improvements and the cost thereof, and what was chargeable to the different properties, was made and filed, notice thereof given to defendants and the proper proportion, as chargeable to the different properties, was February 3, 1897, assessed to and levied upon the properties, including that chargeable to defendants' properties, particularly describing the same. Prior to all this the city had adopted an ordinance, which still remains in force, by the terms of which it is provided that when such improvements are made, and the cost assessed against the adjacent properties, the same should be a lien on the said real estate and payable by the owners personally, and that the same shall be collected as provided by sections 478, 479, Code 1873, Laws Iowa. The ordinance and said

laws were in force during all of the times in question, as also was chapter 7, Acts 25th Gen. Assem. (Laws 1894). The proper proportion of the cost of such improvements, as well as the reasonable charge and value thereof, chargeable against defendants' said property amounts to $14,675.26. It was not the intention that the city should be directly holden to the Flick & Johnson Company, although by oversight certain recitals were omitted from the contract, but it is alleged that omissions do not alter the obligations or rights of the parties hereto. Judgment is prayed against the defendants for the amount above claimed, with interest, and that said sum be declared a lien.

The plaintiff afterwards filed an amendment to its bill. ·Copies of the specifications, bond, and contract were set forth, and it asks that a railway company be brought in as defendant, for that it is seeking to take a right of way across defendant's lands by eminent domain proceedings, and that it should be holden to take its right of way subject to plaintiff's lien and rights. No order with reference to this has been made. The defendants in due time filed their answer to the bill. As a defense they allege in meaning as follows:

The adoption of the resolution for the paving and curbing is admitted. They also admit that the notice was given inviting sealed proposals. They also admit that the Flick & Johnson Company was the lowest bidder for the work, and that it gave the bond and entered into the alleged contract, and they annex a copy of the contract. The said contract was an absolute liability on the part of the city to the Flick & Johnson Company for said improvements, and in no way dependent upon the city being able to collect any special tax, and that the Flick & Johnson Company was not to look to any special taxes for its compensation.

The 107 Iowa, or 77 N. W., case was pending in the Scott county court on or about September 12, 1896, shortly after work begun, but before any payments to the Flick & Johnson Company. The city paid from time to time as work progressed for said work and labor, and has paid it in full. And said liability was an unlawful indebtedness, for that it was in excess of the limitation fixed by the Iowa constitution, and has been so adjudged in an action between these parties. See Allen v. City of Davenport, 107 Iowa, 90, 77 N. W. 532.

What was in issue and what was determined in the 107 Iowa, or the 77 N. W., case, is set forth in detail, as defendants understand the same; and, after the case was decided by the Iowa supreme court on mandate, the state district court entered a decree in favor of these defendants, decreeing that the city be enjoined from collecting the said assessment, or from selling any of the lands to pay the said assessment under or by virtue of said assessment. That decree has not been vacated on motion or appeal. That decree is pleaded as res adjudicata.

They admit that the streets in question run through their lands. They admit that the Flick & Johnson Company did and completed said improvements as alleged in the bill by December, 1896, but whether it was done to the satisfaction of the city or under said resolution they have no information. They admit said plat of improvements, and that the city did attempt to assess said sum against their

property, and that said plat shows such sum. It is alleged that the Iowa supreme court adjudged said assessment as void. The ordinance referred to is admitted. But they deny the construction of the ordinance as claimed by the plaintiff, and they also deny the construction of the different statutes which plaintiff contends for. They deny the reasonableness of the charges, but that the city has paid the Flick & Johnson Company the sum claimed. But they say that said work was done and the payments made under a void contract, and that there can be no recovery on the quantum meruit, and particularly is this so because of the fact that the city contended it was holden to Flick & Johnson Company, and the Iowa supreme court adjudged against it.

The defendants also pleaded that the alleged cause of action is barred by the statute of limitations, because the cause of action did not accrue within five years. The payment to Flick & Johnson Company by the city out of the municipal revenues was unlawful and illegal. The defendants by cross-bill pleaded the same facts as in the answer, and ask that said claim be decreed void, etc.

The city has filed a demurrer to the answer and cross-bill. The demurrer insists that no defense is pleaded; that the defendants do not offer to do equity; that plaintiff's cause of action is not dependent on the validity of the alleged contract between the city and the Flick & Johnson Company; that the adjudication of the Iowa courts was only as to the assessment of February, 1897; that defendants admit that plaintiff is seeking to recover the reasonable value of the improvements under sections 478, 479, Code 1873, Laws Iowa, by reason of which the only question is that of the right to recover such reasonable value, and that under said statutes it was necessary for the city to pay the Flick & Johnson Company the cost of the material and labor. The demurrer also urged that plaintiff's lien attached under chapter 7, Acts 25th Gen. Assem. (Laws 1894), and that the lien is not barred by the statute of limitations. It is also urged that the cross-bill does not contain any matter of equity entitling the defendants to any relief. Such other facts, if any, necessary to a correct presentation of the case, will be noticed later on.

And it seems to me that plaintiff's demurrer to the answer and cross-bill should be sustained or overruled as the following matters may be ruled: (1) Is the cause of action barred by the statute of limitations? (2) Is the plea of res adjudicata good? Or what is the effect of the opinion of the Iowa supreme court and of the decree of the state district court? (3) Can the city recover the reasonable value of the labor and material aside from the above two questions?

1. First, as to the statute of limitations. Neither of the defendants are residents of Iowa, and all have been nonresidents from a time prior to the first date referred to in the case. And the same was true of their ancestor Ann R. Allen, up to the time of her death. Therefore, under the Iowa statute, as construed by the supreme court of the state, the statute never commenced to run in favor of either Ann R. Allen or any one of the defendants.

Section 3451 of the Code of 1897 provides: "The time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitation." Ross v. Rees, 55 Iowa,

296, 7 N. W. 611; Wetmore v. Marsh, 81 Iowa, 677–681, 47 N. W. 1021. What the statutes of limitation may be in the states of the residence of some of the defendants I am not certain, but, as I am advised, equally as long as the Iowa statute. But, beyond all this, it is not the five-years clause of the Iowa statute that controls, because complainant is seeking to enforce a lien against real estate, in which case the action is not barred until ten years has expired. And, even if the five-years clause does control, the complainant's cause of action in no event accrued until it paid the money to the Flick & Johnson Company, which was less than five years before the commencement of this action. And again, the city did assert its claims by a cross-bill in the former action. It is true the Iowa supreme court held it could not be so maintained. But to have adopted the conclusion that such was the proper practice was not negligence, but a mistaken conclusion only, and concerning a matter about which lawyers and judges differ. And the city in due time brought this action, which took the matter from under the Iowa statute of limitations. For these several reasons, any one of which would avoid the statute of limitations, I do not believe the claim in that respect to be a defense.

2. Is the plea of res adjudicata good? Or what is the effect of the opinion of the Iowa supreme court and of the decree of the state district court? Generally speaking, one gets but little help by reviewing the authorities upon the subject of estoppel by judgment. There is but little difficulty as to what the law is, as compared with applying the law to a given state of facts. The rules of law upon the subject are plain and easily understood. The court rendering the former judgment must, of course, have had jurisdiction of the subject-matter. There is no question as to this phase of the matter. The court rendering the decision in the former case must have had the parties before it, and acquired jurisdiction over them, as are now before the court, although the order of the parties, as plaintiffs or defendants, need not correspond in the two cases; and as to this branch of the question there can be no issue raised.

The next question arising is as to what question was before the court in the former case and what was then decided. What was the thing adjudicated? It need not have been upon the same demand, because a judgment upon a coupon is an adjudication as to the bond. Sometimes a judgment on a note is an adjudication as to a series of notes. But the question is, what was adjudicated? and that often becomes a mixed question of fact and law. By turning to the case as reported in 107 Iowa, 90, 77 N. W. 532, it is all made plain. The Allens, as complainants, brought the action against the city, alleging that the city was about to create an illegal indebtedness, because the city was already in debt up to the 5 per cent. limit allowed by the state constitution; and this, because of the paving of street intersections, and adjacent to public property, the expense of which was to be borne by the city as a municipality. There were some minor questions in the case, all of which were decided in favor of the city. But the question of the case was whether the city was about creating an unconstitutional indebtedness. And that question was decided adversely to the city. It was not decided, and could not have been decided, that the

expense to be borne by the Allens and other adjacent property owners created an unlawful indebtedness; because the Iowa supreme court has decided several times, and all lawyers recognize that in Iowa, that part of the expense assessed against the adjacent property, or that can be recovered from the owners of such property, shall not be taken into account in estimating the amount to which the city may legally become indebted. So that the thing decided was that the city was creating an illegal indebtedness as to the other portions of the paving. But, even though this be a mistaken view, yet there can be no doubt about the proposition, that the Iowa supreme court did not decide that the Allens could not be compelled to pay for the paving adjacent to their property. The supreme court did not decide that. And to my mind it is to no purpose to say that the writer of the opinion in the case in 107 Iowa, 77 N. W., said this or that or something else by way of illustration or argument. The question all the time is, what was decided? And the only answer is that the supreme court held that an illegal debt was being created, because it was exceeding the limit of 5 per centum, and therefore prohibited by the constitution. Thereupon the case was remanded to the district court, with the usual directions in equity cases. Then the city undertook to plead by a crossbill the same matters it now urges by its bill herein. The district court held this to be proper, and again the case is passed on by the supreme court. Allen v. City of Davenport, 87 N. W. 743.

Now, what was decided on the second appeal in the case just cited? It was decided that after reversal of a decree in an equity case the defendant could not plead facts by way of a cross-bill when the defendant had been cognizant of such facts before the case first went to a decree; and, secondly, that instead of urging such facts by cross-bill the city must present such facts by an original bill, just as has been done. This is said over and over again in the opinion of the supreme court, and it was what was decided. One will look in vain to find that the supreme court decided against the claim of the city, other than such claim could not then be urged in that case by a cross-bill. Then the situation was that the supreme court had held that the city was creating an illegal indebtedness, being so held in the first case.

In the second appeal the supreme court held that the issues must be limited to the bill, the answer, and reply. And on that state of the pleadings the case appeared for the third time in the district court, and on those issues, and none other, the case went to a decree in favor of the Allens and against the city. While the decree is quite broad, and in it are found extravagant recitals, yet when it is recalled that it is elementary, that decrees are always construed by the pleadings, I have no difficulty in concluding that the present claim of the city was not adjudicated. The claim was not in issue, and, not being an issue, how could it have been adjudicated? Burlington Sav. Bank v. City of Clinton (C. C.; Shiras, J.) 111 Fed. 439; Gill v. Patton (Iowa) 91 N. W. 904.

The assessment being held void is all that can fairly be claimed for the decrees of either the district or supreme courts.

When the city paid the Flick & Johnson Company, the contractors, it took the place of those contractors as to the entire situation. And

by taking the place of the contractors there was no release or discharge of the Allens as owners of adjacent property. It did not pay their debt, and did not discharge their property from any lien. It is claimed that the money was illegally paid, in that money was improperly taken from other funds. Just how that can inure as a defense to the Allens I cannot understand. The officers of a city are agents of limited authority, and that their unauthorized acts should estop the city is not logical, to my mind. The city paid the Flick & Johnson Company, and that is enough for the Allens to know. And the city paid it for the use and benefit of the Allens. Now, why should the Allens not pay? Their property has been benefited. Why should they have the benefits without expense? They own a large tract of land within the city. Their property is enhanced in value by reason of the city surrounding their property. This of course, is their good fortune. But why should the other taxpayers build walks, and driveways, and boulevards through and by their property, and they pay nothing?

The contention of the defendants is so inequitable and unconscionable that it cannot be entertained for a moment, unless there is some insuperable legal objection in the way. They cannot say that their property is being taken without due process of law, because they are now in court, and if they are required to pay off the lien it is only after a decree. They cannot be heard to say that the assessments were irregular or the proceedings were not in strict conformity to law. Such objections might be entertained, if the money was sought to be collected by and through the channels for collecting taxes. But such are not the proceedings. On the contrary, they are brought into a court of equity, where irregularities should be brushed aside, and the very right of the matter decreed. The defendants have never made any tender of any amount. They do not now say they are ready or willing to pay any amount. But they retain the benefits conferred, and they say they will pay no sum. And it should be remembered that the city is not seeking to recover the contract price, but is seeking to recover on the quantum meruit, and on that only.

And the very purposes of the statutes, under which the action is brought, is to allow a recovery, when one could not be had, through the usual channels. It is a curative statute. It recognizes that there may be irregularities in the proceedings of the city authorities, and because thereof the parties may be brought into court and compelled to pay the reasonable price for the benefits received. Fort Dodge Co. Electric Light & Power Co. v. City of Ft. Dodge (Iowa) 89 N. W. 7; City of Burlington v. Quick, 47 Iowa, 222; City of Chariton v. Holliday, 60 Iowa, 391, 14 N. W. 775.

It has been my purpose to only state my own views, and to state them briefly. My conclusion is that the position of the defendants is inequitable and unconscionable, and wholly without legal or equitable merit. And I also conclude that the city should be allowed, as the pleadings now are, to recover the reasonable value of the paving done by, through, or adjacent to the property of the defendants; and, so believing, the demurrer of the city to the answer and the cross-bill of the defendants will be sustained.