William C. McNamara, Appellant, v. James J. McAllister, Appellee.

**Limitation of actions:** COMPUTATION OF TIME: NONRESIDENCE. Code, section 3451, providing that the time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitation does not apply where the defendant was a nonresident prior to accrual of the cause of action and remained so up until the time of the trial.

**Actions:** ABATEMENT. The pendency of a like action in another jurisdiction is not ground for a plea in abatement.

**Alienation of affection:** MOTIVE IN BRINGING ACTION. In a suit for alienation of affection the plaintiff's motive in bringing action is immaterial.

**Same:** DAMAGES: MITIGATION. The fact that a wife had obtained a divorce may be pleaded in mitigation of damages in an action for alienating her affections.

*Appeal from Woodbury District Court.*—Hon. W. M. Hutchinson, Judge.

MONDAY, FEBRUARY 13, 1911.

ACTION for alienation of affections. The trial court overruled a demurrer to a part of defendant's answer and some motions to strike other parts, and, plaintiff electing to stand on the rulings, judgment was entered against him for costs. He appeals. *Reversed.*

*Alfred Pizey* and *R. R. Dickson,* for appellant.

*T. E. Gill* and *Strong & Whitney,* for appellee.

DEEMER, C. J.—Plaintiff claims that defendant at Sioux City, Iowa, alienated his wife's affections from him. At the time the cause of action arose, and for many years prior thereto and down to the time of the rulings complained of, both plaintiff and defendant were citizens and residents of the state of Nebraska. The alleged alienation occurred January 8 to 29, 1907, inclusive. Defendant, among other defenses, pleaded the following:

(2) This defendant admits that plaintiff and Mary E. McAllister were married in Sioux City, Iowa, and that several children were born to plaintiff and his wife; and defendant alleges that ever since on or about the 15th day of June, 1901, plaintiff and his wife and this defendant have been citizens and residents of the state of Nebraska, and that plaintiff and defendant are still citizens and residents of the state of Nebraska; that the cause of action, if any plaintiff has, accrued more than two years prior to the commencement of this action, and is barred by the statutes of limitations;. . . that after coming into the home of the defendant, James J. McAllister, to live, the said wife, whose name was Mary E. McAllister, commenced an action in the district court of Dakota county, Nebraska, against the plaintiff herein for divorce on the ground of extreme cruelty, and in said action sought to recover alimony, and also to secure the care, custody and control of said children; that the plaintiff herein was duly served with summons in said action, and appeared therein and tried said cause of action, and the court found the issues for the plaintiff in said action, Mary E. McAllister, and it was conclusively determined in said action that the plaintiff herein was guilty of extreme cruelty toward his wife, and was a vulgar and vicious man, and unfit to have the care and custody of said children, or any of them, and the court in said action awarded her alimony, no part of which has been paid, and awarded her the custody of said children; that since said Mary E. McAllister and her children came to the home of defendant she has been entirely penniless; and that she has not

been in good health, and had had no means of support, and this defendant, her father, has, as a matter of kindness and parental love only, provided clothing and food for the said Mary E. McAllister and her minor children.

. . .

(4) That on or about the 11th day of January, 1909, plaintiff commenced an action in the district court of Dakota county, Nebraska, against this defendant and his wife, Julia McAllister, stating the same cause of action that is stated in his petition herein; that defendant filed an answer to the said alleged cause of action in Dakota county, Nebraska; that plaintiff well knew that he had no cause of action for the alienation of his wife's affections, and defendant alleges that plaintiff instituted said suits simply to harass and annoy the defendant, and that plaintiff's motive is simply that of malice, and for the purpose of making the defendant all the expense that plaintiff can, and not for the purpose of in good faith prosecuting his alleged cause of action.

Plaintiff demurred to that part of the answer pleading the statute of limitations, and also moved to strike the other parts of the answer quoted. His demurrer and motion were each overruled, and the appeal is from these rulings. If that part of the answer pleading the statute of limitations is good, that is the end of the case. But if the ruling was erroneous, the case should be reversed. *Wallace v. Ins. Co.*, 66 Iowa, 139. Such actions as these are ordinarily barred within two years. But plaintiff relies upon the following sections of the Code as saving his right of action. These are: Section 3451, reading as follows: "The time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitation above described." And section 3452, which reads: "When a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter; but this section shall not apply to causes of action

arising within this state." Manifestly the latter section has no application, for defendant does not plead that the action is barred by the statutes of another state. Even if he had, the statute would not be applicable, because it is conceded by both parties that the cause of action arose in this state. If the action is saved it is because of section 3451 of the Code. From no aspect of the case is plaintiff's residence controlling. As the action is purely transitory he had the right to go into any jurisdiction where he could secure proper service upon the defendant and there prosecute his action, unless barred by the statutes of that state. But defendant's residence is material for the reason that both sections 3451 and 3452 make it so. As already observed, section 3452 must be eliminated from our discussion because of lack of an issue tendered by the pleadings making it so, and for the further reason that the cause of action arose in this state.

Turning again to section 3451, it will be observed that it provides that the time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitation. Does this apply to a case where the defendant was a nonresident prior to the accrual of the cause of action and remained so until the demurrer to the answer pleading the statute of limitations was filed? This is the pivotal and only question bearing upon the matter now in hand. The proposition seems to be foreclosed by the decision in *Ross v. Rees,* 55 Iowa, 296. In that case defendants never resided in this state, and it was held that the statute of limitations did not run against plaintiff's claim which accrued in another state. See, also, *Stern v. Selleck,* 136 Iowa, 291; *Davenport v. Allen* (C. C.), 120 Fed. 175; *Heaton v. Fryberger,* 38 Iowa, 185; *Wetmore v. Marsh,* 81 Iowa, 677. Somewhat in point is *Lebrecht v. Wilcoxon,* 40 Iowa, 93.

Defendant's counsel rely upon some decisions from other states to the effect that where a defendant is a non-

resident when the cause of action accrues the exceptions as to nonresidents do not apply. These are: *West v. Theis,* 15 Idaho, 167 (96 Pac. 932, 17 L. R. A. (N. S.) 472, 128 Am. St. Rep. 58); *Embrey v. Jemison,* 131 U. S. 336 (9 Sup. Ct. 776, 33 L. Ed. 172); *Strong. v. Lewis,* 204 Ill. 35 (68 N. E. 556). We have examined these cases, and find that they are of no consequence. Construing statutes not at all similar to our own, they are of no value as precedents, and were this not true they would do no more than furnish reasons for changing our rule. For this purpose they are not persuasive. Our law is plain and unambiguous and contains no qualifications or limitations on a nonresident defendant, as in many other jurisdictions. Our view has support in *Bennett v. Cook,* 43 N. Y. 537 (3 Am. Rep. 727), opinion by Peckham, J.; *Frost v. Brisbin,* 19 Wend. (N. Y.) 11 (32 Am. Dec. 423); *Stewart v. Spaulding,* 72 Cal. 264 (13 Pac. 661); *Ambler v. Whipple,* 139 Ill. 311 (28 N. E. 841, 32 Am. St. Rep. 202); *Wood v. Bissell,* 108 Ind. 229 (9 N. E. 425); *Dwight v. Clarke,* 7 Mass. 515; *Jordon v. Secombe,* 33 Minn. 220 (22 N. W. 383); *Hartley v. Crawford,* 12 Neb. 471 (11 N. W. 729); *Burrows v. French,* 34 S. C. 165 (13 S. E. 355, 27 Am. St. Rep. 811). A full discussion of the matter will be found in 19 Am. & Eng. Ency. of Law, pages 228, 229, and 25 Cyc., pages 1238, 1239.

In the latter work it is stated unequivocally that the great weight of authority sustains the proposition that an exception such as the one we are considering applies to residents and nonresidents alike. We have found three cases which are cited in support of the proposition that the exceptions do not apply where plaintiff himself is a nonresident. These are: *Belden v. Blackman,* 118 Mich. 448 (76 N. W. 979); *Royse v. Turnbaugh,* 117 Ind. 539 (20 N. E. 486), and *Wheeler v. Wheeler,* 134 Ill. 522 (25 N. E. 588, 10 L. R. A. 613).

The *Wheeler* case is not in point, as it contained a saving clause to the contestant of a will reading "persons absent from the state." Speedy settlement of matters in probate was regarded as controlling in construing the words "persons absent from the state," and it was held that it did not apply to nonresidents. The court recognized a conflict in the decisions, but in the interest of the speedy settlement of estates and legislative action following a decision in line with our view, the view was expressed that the statute as it then existed did not apply to nonresidents. In all cases relied upon to support the opinion the terms used were, "absent from the state," and these were sometimes qualified by the words "after his or their return." It was held in effect that one could not be absent from the state if he had never been there. This was in the face, however, of many authorities to the contrary, as *Von Hemert v. Porter,* 11 Metc. (Mass.) 210; *Hall v. Little,* 14 Mass. 203; *Putnam v. Dike,* 13 Gray (Mass.), 535; *Paine v. Drew,* 44 N. H. 306, and a prior decision from the Illinois court of *White v. Hight,* 1 Scam. 204.

It was stated that New Jersey and Texas had adopted the rule announced by the Illinois court, and *Snoddy v. Cage,* 5 Tex. 106, was cited. That case turned, however, upon the peculiar language of a statute, and is not applicable to the facts now before us. Moreover, the statute construed contained an exception in favor of a plaintiff who was contesting a will. The case from Indiana was an action to quiet title, and defendant pleaded the statute of limitations. Plaintiff, a nonresident, relied upon this statute of that state.

The time during which the defendant is a nonresident of the state, or absent on public business, shall not be computed in any of the periods of limitations.

The court said with reference thereto:

This exception applies to a case where a person in this state has a cause of action against another, and the defendant against whom the cause of action exists leaves the state on public business, or becomes a nonresident of the state, and afterward comes back into the state again. He may be sued, and the time of his absence shall not be computed in the period of limitations. If he had remained in the state the plaintiff would have been compelled to bring his action within the period fixed by the statute, or be barred from recovery. If the defendant departs and becomes a nonresident, or is out of the state on public business, by his acts he puts the plaintiff where he can not bring his action. The plaintiff is not at fault, but the defendant by his absence puts the plaintiff in a position where he can not sue without going out of the state to the residence of the defendant, and in such cases the law extends the time in which suit may be brought; but this benefit and extension of time was not intended for, and can not be extended to, a plaintiff having a cause of action against a person in this state, and who leaves the state and becomes a resident of another, and afterwards returns and brings suit, and, as a reply in avoidance of the statute of limitations, says he was out of the state a certain number of years, which must be deducted from the time fixed for the limitation of the action. If this construction should be given the statute in an action for the possession of real estate, a person might hold exclusive possession of real estate, claiming to be the owner in fee simple for sixty years or longer, and if the true owner had been a resident of another state during such time, or had not been a resident of this state during at least twenty years after his cause of action accrued, his right would not be barred. Such is not the language or spirit of the statute. The case of *Smith v. Wiley,* 21 Ind. 224, holding a contrary doctrine, is in direct conflict with the express terms and intent and purpose of the statute. It is evident that in passing upon the question in that case the language used in the statute was overlooked, and that case is overruled. The facts as found by the court show conclusively that the plaintiff's cause of action was barred, and the defendants' possession and claim of ownership, coupled with those under whom they claimed, had ripened

into an absolute title long before the commencement of the suit. There was no error in the conclusions of law as stated by the court. *Royse v. Turnbaugh, supra.*

While the decision is not clear, the reporter properly analyzed it, we think, in his syllabus, where he said that the statute quoted did not enable a nonresident who held a cause of action against a resident to profit by the fact that he, himself, was and had been a nonresident. With that conclusion we are in full accord, but it does not help the defendant in this case, for he was a nonresident at all times material to our inquiry and plaintiff is claiming nothing on account of his nonresidence. The *Belden* case, from Michigan, really sustains our own decisions heretofore cited. The court said in its opinion:

As to the second reason stated: If it was necessary to state in the bill sufficient facts to prevent the statute of limitations from running against this claim, the statements contained in the demurrer supply that defect by showing the defendant does not now and never has resided in the state of Michigan. While the complainant is not bound by the statement of facts contained in the demurrer, the defendant can not complain if the court assumes they are true. It is said by counsel the statute does not apply to a right of action which accrued without the state between parties who were at the time nonresidents, but applies only to actions that accrue within the state. The courts of New Jersey and Texas sustain the doctrine as contended. Our statute is like those of Massachusetts and New York. The statutes of those states have been construed as applying to causes of action which accrued without the state between nonresidents. *White v. Bailey,* 3 Mass. 271; *Wilson v. Appleton,* 17 Mass. 180; *Bulger v. Roche,* 11 Pick. (Mass.) 36 (22 Am. Dec. 359); *Carpenter v. Wells,* 21 Barb. (N. Y.) 593; *Power v. Hathaway,* 43 Barb. (N. Y.) 214; *Miller v. Brenham,* 68 N. Y. 83. We think the last-named cases should be followed there. A bill of complaint similar to this was sustained in *Earle v. Grove,* 92 Mich. 285 (52 N. W. 615).

The great weight of authority, as we have seen, pays no regard to plaintiff's residence, and construes such statutes as ours as relating to the nonresidence of the defendant, no matter whether that nonresidence antedated the accrual of the action or not. Without overruling previous cases it follows that we must hold the plea of the statutes of limitations insufficient. The court therefore erred in overruling plaintiff's demurrer. For the purpose of this discussion we have assumed that the cause of action stated in the petition arose in this state; for counsel agree that such is the case. Whether or not this be the fact we, of course, express no opinion at this time. The petition will bear this construction, and as defendant conceded the point we have no occasion to consider it.

II.   In view of a retrial it is thought best to consider the ruling on the motion to strike. The plea of abatement, because of another action pending, is clearly insufficient, because the action relied upon is in another jurisdiction. *Schmidt v. Posner*, 130 Iowa, 347.

The motives of plaintiff in instituting the action were not material or defensive in character. The fourth paragraph of the answer should have been stricken.

III.   Insofar as the motion to strike applied to the second division of the answer, hitherto quoted, it was what has aptly been termed a "pruning hook," and as a rule an appeal will not lie from a ruling on such a motion. The decree of divorce obtained by plaintiff's wife is not pleaded as a complete defense, but in mitigation, or at least it may be so considered. As this matter may doubtless be treated in mitigation of damages, and under the recent decision of *Hamilton v. McNeill* (Iowa), 129 N. W. 480, in bar of the action, the motion to strike was properly overruled.

The other part of this division of the answer probably pleaded matters of evidence and might have been stricken because of that fact; but no prejudice resulted from overruling that part of the motion attacking these allegations.

For the errors pointed out the judgment must be, and it is, *reversed.*