C. V. PAGE, Appellee, v. MRS. J. J. PEDEN, Appellant.

**LIMITATION OF ACTIONS: Bar Under Foreign Statute.** Defendant may not plead the bar of a foreign statute when the cause of action sued on accrued "within this state."

*Appeal from O'Brien District Court.*—WILLIAM HUTCHINSON, Judge.

NOVEMBER 15, 1921.

ACTION upon an account. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*G. A. Gibson,* for appellant.

No appearance for appellee.

STEVENS, J.—Appellant, formerly a resident of this state, became a resident of South Dakota in the spring of 1909. In the fall of that year, she returned to Sheldon, Iowa, where appellee, who is a physician, attended her during confinement. It is to recover for these services that this action is prosecuted.

The defense relied upon is the statute of limitations of South Dakota, which is six years, upon an open account. The contention of counsel is that, as this period elapsed between the

rendition of the services and the commencement of this action, it is barred, under the provisions of the South Dakota statute. This position is untenable. Code Section 3452, is as follows:

"When a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter; but this section shall not apply to causes of action arising within this state."

By its plain provisions, this section does not apply to causes of action arising within this state. The services were rendered by plaintiff, and the cause of action arose in this state. It is, therefore, immaterial that the action could not be maintained in South Dakota, because of the bar of the statute. The question is fully settled in this state. *Ross v. Rees,* 55 Iowa 296; *Moran v. Moran,* 144 Iowa 451; *McNamara v. McAllister,* 150 Iowa 243; *Jarl v. Pritchett,* 190 Iowa 1268.

The ruling of the court overruling defendant's motion for new trial must be sustained.—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.