D. F. Shope v. John Mitchell *et al.,* Appellants. T. J. Gilbert *et al.,* and J. H. Eller, Intervener, Appellant.

Mechanics' Lien: SUBCONTRACTOR: *Notice.* Where a subcontractor on a building files a statement and serves notice on the owner as provided by Code, section 3094, after the contractor has been paid in full under the contract, but has money due him from the owner for extra work on the building, such subcontractor is entitled to a lien for the amount due him, not exceeding the sum so owing to the contractor.

*Appeal from Dallas District Court.*—HON. J. D. GAMBLE,. Judge.

WEDNESDAY, JANUARY 22, 1902.

ACTION by the plaintiff to establish and enforce a mechanic's lien against the defendants Mitchell and. Thornburg. The McColl Lumber Company and T. J. Gilbert were material men, who ask to recover on independent contracts. with Mitchell and the Thornburgs. J. H. Eller is a material man, who seeks to establish a lien. There was a judgment for the plaintiff and for Gilbert and the McColl Lumber Company against the defendants Mitchell and Thornburg, and a judgment for the intervener, Eller, against the plaintiff, Shope. The defendants Mitchell and Thornburg and the intervener, Eller, appeal.—*Modified* and *affirmed.*

*Shortly & Harpel* for appellants Mitchell and others.. *Cardell, Giddings & Winegar* for appellant Eller.

*Edmund Nichols* for appellees McColl Lumber Co. and Gilbert. *White & Clarke* for appellee Shope.

SHERWIN, J.—As between the plaintiff and defendants Mitchell and Thornburg, we are entirely satisfied with the judgment of the trial court. A large part of the $229.44 found due the plaintiff is admitted, and the evidence supports the further finding as to the amount due. The plaintiff contracted to put up a building for the defendants Mitchell and Thornburg, furnishing all material and labor therefor, at the agreed price of $4,800. T. J. Gilbert and the McColl Lumber Company furnished material which went into the building, and now make the claim that it was furnished under a contract with said Mitchell and Thornburg, and the only question as between these parties is whether such contracts are sufficiently proven to sustain the judgment. We think they are. Both Gilbert and D. D. McColl testify to an agreement on the part of these defendants to

pay for all material they should furnish, and, in addition thereto, the plaintiff testified that the material furnished by the McColl Lumber Company beyond the amount of the original estimate all went into the extras, which were not covered by the contract. The witnesses were before the court, and, giving to this fact the weight to which it is entitled, in connection with the evidence before us, we think the judgment is right as to the McColl Lumber Company and T. J. Gilbert. The intervener, Eller, is a subcontractor, who furnished material the last of June or the first of July, and who served no notice of such fact upon the defendants until in October following, at which time the plaintiff had been paid the full contract price for his job, and in strict accordance therewith. To entitle a subcontractor to a lien, he must follow the statute. *Lounsbury v. Railroad Co.,* 49 Iowa, 255. But in this case it was found by the trial court that the plaintiff was entitled to $229 for extras in addition to his contract price, and his lien was established therefor. *Wetmore v. Marsh,* 81 Iowa, 677. Section 3094 of the Code provides for the filing of a statement and the giving of a notice by a subcontractor after the 30 days has expired, and that his lien shall then be enforced to the extent of the owner's indebtedness to the principal contractor at that time. *Robinson v. Insurance Co.,* 55 Iowa, 489. Under this statute we are of the opinion that the intervener is entitled to a lien for the amount of his claim, and that the judgment in favor of the plaintiff and against the defendants should be modified to the extent of deducting therefrom the amount found due the intervener.

With this modification, the judgments are affirmed.— MODIFIED and AFFIRMED.