RICHARD KNUDSON, d/b/a KNUDSON CONSTRUCTION COMPANY, appellant, v. FRANK BLAND et al., appellees.

No. 50370.

February 6, 1962.

Raymond E. Pogge, of Council Bluffs, for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee Joe E. Wood.

Hess & Peters, of Council Bluffs, for appellee First Federal Savings and Loan Association.

Connolly & Connolly, of Council Bluffs, for appellee Frank Bland.

Hays, J.—This is an equitable proceedings to foreclose a mechanic's lien. Judgment was entered against defendant Frank Bland in the amount of $2584.50; recovery was denied against defendant Joe E. Wood and plaintiff's claim of priority over the rights of defendant First Federal Savings and Loan Association was denied. Plaintiff has appealed. The contest here is between plaintiff and defendant Joe E. Wood.

There is little, if any, dispute as to factual situation but a sharp conflict as the proper interpretation to be placed upon a written contract between Joe E. Wood and Frank Bland, Exhibit 14 in the record.

Joe E. Wood was, at all times material here, the record title-holder of a ten-acre tract of land in the City of Council Bluffs, Iowa. Prior to the time here in question it was rough pasture land with a fair value of $200 per acre. Frank Bland, a resident

of Council Bluffs, Iowa, was engaged in the business of developing real estate for building sites and the construction of homes thereon. Plaintiff, Richard Knudson, d/b/a Knudson Construction Company, of Council Bluffs, Iowa, was engaged in concrete work, chiefly the laying of paving.

The agreement of sale, Exhibit 14, was entered into on August 21, 1956. It fully described the ten-acre tract, as does also plaintiff's petition, and in part provides:

"1. Seller [Wood] agrees to sell and Purchaser [Bland] agrees to purchase the following described real estate * * * for the total sale price of * * * ($25,000.00). It is agreed * * * that the real estate is to be subdivided into lots and upon the purchase of any of the lots facing Spencer Avenue, the Purchaser shall pay to the Seller the sum of * * * ($2000.00) * * *. Upon the sale of any of the lots * * * the amount to be paid by the Purchaser to Seller shall be computed as follows: The total number of such other lots * * * shall be divided into the sum of $13,000.00 and the result * * * shall be the price per lot * * *. Upon the purchase of any such lots, the said amount shall become due from Purchaser to Seller. * * *

"3. * * * upon request of the Purchaser * * * the Seller * * * shall join in a deed to the Purchaser of that particular lot. When financing is obtained upon that lot by the Purchaser, the Purchaser * * * shall join in a warranty deed of conveyance of said lot back to the Seller and said lot shall remain then in the title of the Seller until the construction on said lot is completed. * * *.

"4. Purchaser agrees to assume the cost of paving, water and sewer * * *. He will not allow mechanic's liens to be placed on any of said premises * * *. Upon conveyance by deed from the Seller * * * to the Purchaser following the obtaining of financing on said lot, the specified sum to be paid for said lot shall be paid by the Purchaser to Seller together with interest * * * from the date when construction on said lot first begins * * *.

"5. * * * contract shall be * * * performed by the Purchaser within two years * * * and that if the Purchaser has not * * * completely disposed of all of said lots * * * and paid the

Seller the total of $25,000.00 * * * Seller shall have, at his option, the right to cancel this contract. * * *.

"6. * * * all costs for the developing of said real estate shall be the expense of the Purchaser above named. * * *.

"7. Seller agrees to furnish merchantable title to each lot * * * and upon payment of the amount stipulated as above shall furnish warranty deed * * *. * * *

"10. Purchaser agrees that in connection with the development of said premises * * * he will conform * * * to the requirements of the City of Council Bluffs * * *."

The record shows that in August 1957 plaintiff by written contract with Bland agreed to pave the road in said development area for the sum of $3446. Bland was to furnish all cement, plaintiff to perform the necessary labor. The record also shows that on July 30, 1956, Joe E. Wood entered into a written contract with one Pearl Clark, who had contracted with Bland to grade and move earth on said tract of land, to the effect that he, Wood, was selling the land to Bland for development purposes. That if Bland failed to pay Clark for such work, he, Wood, would pay one half the amount due not to exceed $1000. Clark agreed to waive any right to a mechanic's lien against the work and then quit before its completion. That plaintiff, before laying his paving forms, finished the work Clark had contracted to do—the "rough grading" as it is referred to in the testimony. It further appears that after plaintiff was ready to pour the cement, Bland was unable to furnish it and at Bland's request to keep his men and equipment available, he waited a month and then withdrew men and equipment. The pavement was not poured. Plaintiff in his mechanic's lien, filed within the statutory time, asks for the sum of $4531.50, being the contract price of $3446 and $1085 for extra work performed.

I. The principal proposition urged for a reversal is that the court erred in holding that Joe E. Wood was not an "owner" within the meaning of sections 572.1 and 572.2, Code of 1958.

Section 572.1(1) states, " 'Owner' shall include every person for whose use or benefit any building, erection, or other improvement is made, having the capacity to contract, including guardians."

Section 572.2 states: "Every person who shall furnish any material or labor * * * and those engaged in grading * * *, by virtue of any contract with the owner, his agent, * * *, shall have a lien upon such building or improvement, and land belonging to the owner * * *."

 It is conceded that all contracts and contract negotiations for a contract were between plaintiff and Bland. It is plaintiff's contention that Bland was the agent of the titleholder, Wood, within the purview of section 572.2, Code of Iowa. In construing this statute, we have said many times that mere knowledge of consent to the making of the improvement by a vendee or lessee does not usually subject the interest of such vendor or lessor to a mechanic's lien. We have also held that if a lessor or vendor has by agreement, express or implied, with his lessee or vendee contracted for the improvement of his real estate by the latter, he should in justice and under the rule of established authorities be held to have subjected his interest in the realty to the claim of a mechanic's lien for the reasonable value of material and labor furnished. This is particularly true when the lease or contract of sale is so drawn that buildings erected or improvements made become the property of the lessor after a comparatively short term, or *where the improvement is such as to materially increase the amount of stipulated rental or sale price.* The terms of Code section 572.2, supra, are sufficiently met if the contract is made with an agent of the owner, and one who by contract, express or implied, oral or written, requires his lessee, or vendee, to improve the realty during the term of the lease or duration of the contract for sale will generally constitute such lessee or vendee his agent within the meaning of the statute. Denniston & Partridge Co. v. Romp, 244 Iowa 204, 56 N.W.2d 601; Skemp v. Olansky, 249 Iowa 1, 85 N.W.2d 580; Cassaday v. DeJarnette, 251 Iowa 391, 101 N.W.2d 21, and authorities cited therein.

 The instant contract between Wood and Bland, when examined in the light of the above cited statutes and cases, clearly places Bland in the status of an agent for Wood and subjects the interest of Wood in the real estate to a mechanic's

lien. The trial court was in error in denying lien upon Wood's interest therein.

II. Another proposition is urged, although not extensively argued by either party. The plaintiff's claim is based upon a written contract as to the paving and on an implied contract for additional labor in connection with the rough grading, or the finishing of the work started, but not completed, by Clark. The trial court held that plaintiff must rely solely upon his written contract. It found that the written contract had not been completed, through no fault of the plaintiff, and allowed a 75% of the contract price recovery against Bland, or $2584.50.

The question thus presented is whether, as claimed by plaintiff, plaintiff is entitled to the full contract price when the failure to complete is due to no fault of his; or, as claimed by defendant Wood, only the value of work actually done and not the total contract price may be recovered. Plaintiff cites Brown v. Needles, 186 Iowa 878, 170 N.W. 804, which was an action to recover liquidated damages. It holds that one who is prevented from fully performing his contract because of the wrong of the other party may recover on the basis of a completed or performed contract. No question of a mechanic's lien under chapter 572, Code of Iowa, is involved and the case is not in point. Defendant cites no authorities upon the question.

This exact question does not appear to have been previously before this court. While the authorities in other jurisdictions are not in full agreement, the majority rule seems to be that the reasonable value of the work done, rather than the actual cost of such work, contract price, may be obtained by the contractor. This view, taken in conjunction with chapter 572, Code of Iowa, appears to us to be the sound rule and we adopt it. See annotation, 51 A. L. R.2d 1009 and cited authorities; 36 Am. Jur., Mechanics' Liens, sections 35, 36; 57 C. J. S., Mechanics' Liens, sections 95, 96. We are not inclined to disagree with the 75% basis adopted by the trial court as to the work covered by the written contract.

III. There is however one other question which was passed upon by the trial court and argued here. It deals with

the question of the implied contract to finish the work of rough grading. The record shows that in the contract between plaintiff and Bland it was contemplated that plaintiff would only do the fine grading, a matter of smoothing the base before the concrete was poured. The trial court specifically ruled this out although the record shows that the reasonable value of such work amounts to $1085. It was so ruled out upon the theory that where a specific contract is alleged, recovery may not be based upon quantum meruit. We think the "rough grading" was entirely extra work and is in no way controlled by the paving contract. There was clearly an implied contract to perform the labor. It was performed and the real estate was thereby benefited by a compliance with the grade established by the city of Council Bluffs. Plaintiff was entitled to a judgment against Bland for the 75% of contract price, $2584.50, plus $1085 for extra work. See Wetmore v. Marsh, 81 Iowa 677, 47 N.W. 1021; Shope v. Mitchell, 116 Iowa 636, 88 N.W. 813, and a lien against the real estate for this amount, or a sum total of $3669.50.

The cause is remanded to the trial court for a decree in compliance herewith, i.e., judgment against defendant Bland in the sum of $3669.50, and the establishment of a mechanic's lien in the sum of $3669.50 against the real estate owned by defendant Wood and described in plaintiff's petition, in the amount of $3669.50 and foreclosure thereof.—Affirmed in part, reversed in part and remanded.

All JUSTICES concur except BLISS and PETERSON, JJ., who take no part.