**STROH CORPORATION, Appellee,**

v.

**K & S DEVELOPMENT CORPORATION et al., Appellants.**

No. 2-57614.

Supreme Court of Iowa.

Dec. 15, 1976.

Roger J. Hudson, Stewart, Wimer & Bump, P. C., Des Moines, for appellants.

Rex V. Roupe, West Des Moines, for appellee.

Heard by MOORE, C. J., RAWLINGS, LeGRAND, REYNOLDSON and HARRIS, JJ.

REYNOLDSON, Justice.

Trial court ruled plaintiff Stroh Corporation was entitled to foreclosure of its mechanic's lien against certain real estate owned by defendant Iowa Realty Co., Inc. Iowa Realty appeals and we affirm.

The facts are undisputed. December 9, 1970, Iowa Realty owned a 150 foot by 150 foot vacant lot in Des Moines. On that date it entered into a written lease with defendant Commercial Investment Company of Iowa, Inc. This lease required the lessee, Commercial Investment, to construct a car-wash gasoline facility on the lot at an estimated cost of $50,000. Plans were to be approved by Iowa Realty. When final construction costs were verified, Iowa Realty was to reimburse Commercial Investment up to the sum of $50,000. The lease provision for improvements further provided lessee would not permit any liens to attach, "and if attached [lessee] will, within thirty (30) days, cause the same to be discharged and released * * *."

The lease provided for an annual rental of $16,250, commencing when the lessee

started doing business on the premises. The initial lease term was 15 years with options for two consecutive five-year renewal terms. Title to all real estate improvements vested in the lessor when completed.

Commercial Investment contracted with The Hudson Company, Inc. for the construction of the facility. Hudson subcontracted the mechanical work to this plaintiff, Stroh Corporation. The reasonable value of Stroh's labor and materials was $9,768.62.

Upon completion of construction Iowa Realty paid Commercial Investment $50,-000. Hudson gave Stroh a check which the bank dishonored. Stroh went unpaid. It filed its mechanic's lien against the leased real estate October 19, 1971. At some undisclosed date Stroh sued and obtained judgment against Hudson and another organization. This judgment was uncollectible.

Stroh then brought this successful action for judgment and foreclosure against Iowa Realty and other defendants. Iowa Realty, appealing, contends trial court was wrong 1) in finding Stroh's mechanic's lien had attached to its property, and 2) in failing to recognize Stroh's election-of-remedies defense.

I. *Did the mechanic's lien attach to Iowa Realty's property?*

One furnishing labor or materials for any building or land for improvement thereof may be entitled to a lien by virtue of a contract "with the owner, his agent, trustee, contractor, or subcontractor". See § 572.2, The Code.

Certain principles apply when, as here, real estate is leased with an intention improvements will be made.

■ Ordinarily, mere knowledge of or consent to the making of improvements by a lessee does not subject the interest of the lessor to a mechanic's lien. *Cassaday v. DeJarnette*, 251 Iowa 391, 393–394, 101 N.W.2d 21, 23 (1960); *Perkins Supply &*

*Fuel Serv. v. Rosenberg*, 226 Iowa 27, 30, 282 N.W. 371, 373 (1938).

But if the lessor has by express or implied agreement with his lessee contracted for the improvement of his real estate by the latter, it is generally held he has subjected his interest in the realty to the claim of a mechanic's lien for the reasonable value of labor and material furnished. This is particularly true where the lease is so drafted that buildings erected or improvements made become the property of lessor after a comparatively short term, or where the improvement creates an additional value included in computing the sums to be paid as rental. *Knudson v. Bland*, 253 Iowa 614, 618, 113 N.W.2d 242, 244 (1962); *Denniston & Partridge Co. v. Romp*, 244 Iowa 204, 208, 56 N.W.2d 601, 604 (1953); 57 C.J.S. Mechanics' Liens § 65(4)(a), at 562 (1948). In this situation, the lessee is considered to be the agent of the lessor within the meaning of § 572.2, The Code. *Knudson v. Bland*, supra; *Denniston & Partridge Co. v. Romp*, supra, 244 Iowa at 212, 56 N.W.2d at 605.

In the case before us, a central lease feature was the provision for construction of the car-wash gasoline facility. It materially added to the value of the real estate. This improvement cost at least $50,000. The value of the vacant lot was $22,491. After this construction, the city assessor valued the property at $79,060. The improvements became the property of the lessor at once. We find the facility primarily responsible for the stipulated annual rental of $16,250.

■ We hold trial court was correct in reaching its determination Stroh's lien attached to Iowa Realty's property.

Nor are we dissuaded from this conclusion by the lease language relating to mechanic's liens. *Queal Lumber Co. v. Lipman*, 200 Iowa 1376, 206 N.W. 627 (1925), relied on by Iowa Realty, is distinguishable. There, a prior recorded lease disavowed the lessee's agency and specifically gave notice to potential lienholders they had no right to file liens. In this case, the lease was unrecorded. Furthermore, it at least recognized the validity of potential

liens by requiring the lessee to cause such liens to be released within 30 days.

## II. *Was there a valid election of remedies defense ?*

Defendant asserts Stroh's prior lawsuit resulting in the uncollectible judgment was an election of remedies precluding the present action to foreclose the lien.

The doctrine of election of remedies, while recognized by most courts, is not favored. Ordinarily it is applied in a strict and limited way. See 25 Am.Jur.2d Election of Remedies § 3, at 648–649 (1966). This court has said the doctrine "is not intended either as a trap or as a penalty for a mere mistake". *Sackett v. Farmers State Bank*, 209 Iowa 487, 493, 228 N.W. 51, 54 (1929).

When the doctrine of election of remedies is applied, three elements are present: (a) existence of two or more remedies, (b) inconsistency between the remedies, and (c) a choice of one of the remedies. 25 Am.Jur.2d Election of Remedies § 8, at 652 (1966).

The first and third elements are clearly present here. Stroh could sue Hudson on contract for failure to pay, or it could enforce the mechanic's lien against the property and improvements. Stroh first chose to sue at law for the amount owed on the contract.

We must then determine whether the second element exists in this case. This element requires a basic inconsistency between the available remedies in order to bar the second action. *Allied Concord Financial Corp. v. Hawkeye Lumber Co.*, 172 N.W.2d 264, 267 (Iowa 1969); *Culligan Soft Water Service v. Berglund*, 259 Iowa 660, 666, 145 N.W.2d 604, 608 (1966); *Murray v. McDonald*, 203 Iowa 418, 420, 212 N.W. 711, 712 (1927); 25 Am.Jur.2d Election of Remedies § 10, at 653 (1966).

Here the second action was based on the mechanic's lien. There was no need to deny existence of the contract sued on in the first litigation. In fact, it was necessary for Stroh to show a contractual chain from it to Hudson (general contractor) to Commercial Investment (lessee) to Iowa Realty (owner-lessor). In both actions Stroh was required to prove a contractual relationship between it and Hudson.

The remedies here were cumulative and consistent, not inconsistent. Support for this holding is found in *Miller v. Hartford Fire Insurance Co.*, 251 Iowa 665, 675, 102 N.W.2d 368, 375 (1960); *Southern Surety Co. v. York Tire Service*, 209 Iowa 104, 106–107, 227 N.W. 606, 607 (1929); 53 Am.Jur.2d Mechanics' Liens § 304, at 864–865 (1970); 57 C.J.S. Mechanics' Liens § 225, at 798 (1948).

Because the second element required for imposition of the election of remedies doctrine is lacking, it cannot be imposed as a defense in this case.

We therefore affirm the decree entered below.

AFFIRMED.