Kenneth R. SMITH and Annette Smith, Plaintiffs-Appellees,

v.

Stanley L. OLSON and Cynith Ann Olson, Defendants-Appellants.

No. 2–65943.

Court of Appeals of Iowa.

Nov. 24, 1981.

Richard A. Knock of Mershon, Snow & Knock, Cedar Falls, for defendants-appellants.

Ivan J. Ackerman of Engelbrecht, Ackerman & Hassman, Waverly, for plaintiffs-appellees.

Considered by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

DONIELSON, Judge.

Defendants appeal from a summary judgment for plaintiffs in this suit for breach of a contract to buy a water softener business. On appeal, defendants assert that the plaintiffs' decision to forfeit the contract with respect to the real estate portion of the contract was a conclusive election of remedy which bars this suit for damages with respect to the personal property portion of the contract. Our scope of review is limited to correction of errors at law. Iowa R.App.P. 4. We affirm.

I.

On May 11, 1976, plaintiffs (sellers) and defendants (buyers) entered a "contract for the sale of real estate and business." The total purchase price of $255,000.00 was specifically allocated between real estate and personal property in the contract. The contract also had specific provisions (numbers 12 and 15, set out below) which spelled out what remedies the sellers would have with respect to both the personal and real property if the buyers defaulted on the contract.

12. If the Buyers fail to perform this agreement in any respect, time being made the essence of this agreement, then Sellers may forfeit this contract as provided by Chapter 656 of the Iowa Code and all payments made and improvements made on said premises shall be forfeited; or the Sellers may declare the full balance owing due and payable and proceed by suit at law or in equity to foreclose this contract, in which event Buyers agree to pay costs and attorney fees and any other expense incurred by Sellers.

\* \* \* \* \* \*

15. It is agreed that the Sellers will, on July 1, 1976, transfer and convey to the Buyers the Culligan Soft Water franchise for Butler County and the east one-half of Floyd and Mitchell Counties. However, upon default by the Buyers by failure to perform any provision of this agreement, time being made the essence of this agreement, the right of the Sellers to forfeit this contract or to proceed by foreclosure, shall also apply to the said Culligan Soft Water Service franchise, and in such event, all right title and interest of the Buyers in said franchise shall terminate and shall vest again in the Sellers.

Pursuant to the contract, monthly payments commenced on August 1, 1976. Defendants defaulted on the payment due November 1, 1979. On November 10, 1979, plaintiffs served on defendants a notice of forfeiture of real estate contract. On November 29, 1979, plaintiffs filed a petition in equity for judgment for the unpaid price of the personal property and for foreclosure of their security interest in the business personalty (exclusive of the real estate) and asked for the appointment of a receiver to preserve the business. No judgment was requested for the portion of the contract price allocated to the real estate or the unpaid balance thereof. After hearing on notice, a receiver was appointed.

Defendants filed an answer and affirmative defense on February 19, 1980, alleging in their affirmative defense only that a notice of forfeiture had been served on defendants on November 10, 1979, and that plaintiffs had elected forfeiture as their only remedy. No relief from the forfeiture of the real estate contract was requested. On February 19, 1980, defendants also filed an application for adjudication of law points. The application was overruled.

Plaintiffs filed a motion for summary judgment on August 11, 1980. The trial court granted plaintiffs' motion for summary judgment and held "that as a matter of

law the plaintiffs did not make a conclusive election of remedies upon them by forfeiting the contract insofar as it relates to real estate so as to prohibit suit for damages for the portion thereof relating to personal property. The contract between the parties clearly so provides." The trial court then entered judgment against defendants for the sum of $110,378.28 plus interest at 9 percent per annum and $250.00 in attorney's fees. Defendants then instituted this appeal.

## II.

"In the construction of written contracts, the cardinal principle is that the intent of the parties must control; and except in cases of ambiguity, this is determined by what the contract itself says." Iowa R.App.P. 14(f)(14). We find that this contract is not ambiguous. The contract specifically sets out in provisions 12 and 15 what remedies are available to the sellers upon the buyers' default. The intent of these independent provisions was not to force the seller to select one remedy (i.e. either forfeiture or foreclosure) for both the real estate and personal property being sold under contract. The intent was for the seller to have the flexibility to choose either a forfeiture or a foreclosure action with respect to the real estate and personal property. The buyers' decision to forfeit the contract with respect to the real estate did not require them to also elect forfeiture as their exclusive remedy with respect to the personal property.

Furthermore, we feel that application of the doctrine of election of remedies to this case would be inappropriate because "the remedies here were cumulative and consistent, not inconsistent." *Stroh Corp. v. K & S Development Corp.*, 247 N.W.2d 750, 753 (Iowa 1976). The forfeiture applied only to the real estate portion of the contract, while the suit filed on November 29, 1979, applied only to the personal property portion of the contract. We, therefore, affirm the trial court.

AFFIRMED.