**OVERHEAD DOOR COMPANY OF DES MOINES, INC.,**
Plaintiff-Appellant,

v.

**Albert SHARKEY, Defendant-Appellee.**

No. 85-1576.

Court of Appeals of Iowa.

Aug. 27, 1986.

Louis R. Hockenberg, Kerry Anderson of Wasker, Sullivan & Ward, Des Moines, for plaintiff-appellant.

Henry L. Hirsch of Hirsch, Link, Adams, Hoth & Krekel, D. Raymond Walton of Aspelmeier, Fisch, Power, Warner & Engberg, Burlington, for defendant-appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Plaintiff Overhead Door Company appeals the court's order dismissing plaintiff's action to enforce a mechanic's lien

filed by plaintiff against defendant's real estate. We affirm.

Sharkey is the owner of a commercial property on South Roosevelt Avenue in Burlington, Iowa. In July 1972, Sharkey leased the building on that property to Consolidated Freightways Corporation of Delaware. Consolidated leased the property for over ten years. It terminated the lease and vacated the property on October 25, 1982. Consolidated's lease with Sharkey provided that Consolidated would leave the property in as good condition as received. Consolidated was responsible for damaging ten overhead doors. Consolidated contacted Dewco Building Systems to perform the work. Dewco ordered the doors from plaintiff Overhead. Overhead special ordered the doors and paid for them on delivery from the manufacturer. On March 18, 1983 Overhead submitted its bill to Dewco. Overhead was unable to collect since Dewco had gone out of business and filed for bankruptcy. Dewco had already collected $10,397 from Consolidated and owed $6,685 to Overhead.

On May 10, 1983 Overhead filed its mechanic's lien against Sharkey. Overhead claimed that an agreement between Sharkey and Consolidated required Consolidated to make substantial and permanent improvements to Sharkey's building and therefore Sharkey's interest in the real estate was subject to the mechanic's lien filed by Overhead. Sharkey said that there was neither an express or implied contract between Consolidated and Sharkey for the improvement of Sharkey's property and therefore Sharkey's real estate could not be subject to the mechanic's lien.

On October 11, 1985 the trial court entered its decision dismissing the enforcement of the mechanic's lien. The trial court found that since Sharkey did not contract with Consolidated for the improvement of the real estate and since Consolidated was simply performing the maintenance obligation required by the lease agreement, Sharkey could not be subject to the mechanic's lien. Overhead appeals, alleging that the trial court erred in not finding an agreement between Sharkey and Consolidated to improve Sharkey's property.

■ We are asked to decide if, under the facts and circumstances present herein, a mechanic's lien claimant may establish his lien against the owner when the owner had imposed upon the lessee the burden of making all repairs. An action to enforce a mechanic's lien is in equity. Iowa Code § 572.26 (1985). Our review of this equitable proceeding is de novo. Iowa R.App.P.4. Our responsibility is to review the whole record and determine from the credible evidence rights anew on those issues properly presented. *Ringland-Johnson-Crowley Co. v. First Central Service Corp.*, 255 N.W.2d 149, 151 (Iowa 1977).

Iowa Code § 572.2 (1985) provides that: Every person who shall furnish any material or labor for, or perform any labor upon, any building or land for improvement, alteration, or repair thereof, including those engaged in the construction or repair of any work of internal or external improvement, ... by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor shall have a lien upon such building or improvement, and land belonging to the owner on which the same is situated ..., to secure payment for material or labor furnished or labor performed.

■ The burden is upon a mechanic's lien claimant to prove either an express contract with or on behalf of the lessor or vendor or else to prove such a state of facts as will give rise to an implied contract with him in order to claim a lien against the lessor's realty. *Cassaday v. DeJarnette.*, 251 Iowa 391, 397, 101 N.W.2d 21, 25 (Iowa 1960). The establishment of an express or implied agreement whereby the lessee is contractually bound to improve the lessor's property is a prerequisite to plaintiff's successful assertion of its claim for relief. *Ringland-Johnson-Crowley Co.*, 255 N.W.2d at 153. When such a contract exists, the claimant must further establish that 1) the improvements made will become the property of the lessor in a compara-

tively short time; 2) the additions or alterations were in fact substantial, permanent and beneficial to the realty and were so contemplated by the parties to the lease agreement, and 3) that the rental payments reflected the increased value of the property as a result of these improvements. *Ringland-Johnson-Crowley Co.*, 255 N.W.2d at 152. If no contract exists, these factors do not need to be considered. *Ringland-Johnson-Crowley Co.*, 255 N.W.2d at 153.

We find the trial court did not err in concluding that Overhead failed to prove by a preponderance of the evidence that there was either an express or implied contract between Sharkey and Consolidated. The relationship between Sharkey and Consolidated was that of lessee and lessor. The lease contained the following provisions requiring the lessee to:

(e) Make no alterations or additions in or to the leased premises, except as expressly provided for herein, without the written consent of lessor, which consent should not unreasonably be withheld;

(f) Leave these premises in as good condition as received or in which they may be put by lessor, excepting reasonable wear and tear, damage arising from the negligence or default of lessor, or its agents or employees, or from any of the causes set forth in paragraph 3(a);

By replacing the damaged doors Consolidated was acting under the required terms of the lease, not as an agent, trustee, contractor or subcontractor for Sharkey. No evidence convincingly suggests otherwise.

Plaintiff suggests that since Sharkey informed Consolidated that the replacement doors must have windows the lessor-lessee relationship was transformed into a contract by which Consolidated agreed to make improvements to Sharkey's real estate. However, there were windows in the damaged doors and Consolidated was not doing more than the lease required. Plaintiff also argues that since Sharkey saw Overhead's truck on his property Sharkey was obligated to require a lien waiver from the subcontractor. However, the fact that the lessor knew claimant was furnishing the material is not of itself controlling and such knowledge does not deprive lessor of the right, in good faith, to enter into a contract with lessee requiring lessee to pay for repairs. See *Cedar Rapids Sash & Door Co. v. Dubuque Realty Co.*, 195 Iowa 679, 192 N.W. 801 (Iowa 1923); *Cassaday v. DeJarnette*, 251 Iowa 391, 101 N.W.2d 21, 25 (Iowa 1960).

Even if plaintiff had shown a contract for improvement existed between Sharkey and Consolidated, the evidence does not support that the factors required to satisfy the terms of section 572.2 have been met. The repaired doors were replacements not improvements. The parties do not appear to have been contemplating substantial improvements or alterations. Furthermore, it was not established by the evidence presented that the new doors were responsible for the increase in the value of the rental payments after the premises were leased to American Freightway System. However, since plaintiff has not shown by a preponderance of the evidence that an express or implied agreement existed whereby the lessee was contractually bound to improve the lessor's property, these factors need not be considered. *Ringland-Johnson-Crowley Co.*, 255 N.W.2d at 153.

Therefore, we affirm the trial court's order dismissing the petition for enforcement of the mechanic's lien. It is unfortunate that Overhead must bear the burden of the result of Dewco's bankruptcy. Equity, however, would not be served by substituting Sharkey for Overhead as the loss bearer. We agree with the trial court that neither equity nor good conscience demands restitution by defendant to plaintiff.

AFFIRMED.