**A & W ELECTRICAL CONTRACTORS, INC., Appellee,**

v.

**Glen E. PETRY, Appellant,**

**Carpet Country, Inc., and Firstar Bank Council Bluffs and G & S Sales & Service, Inc., Defendants.**

No. 96–541.

Supreme Court of Iowa.

April 22, 1998.

Ronald L. Wheeler, Des Moines, for appellant.

Mark C. Feldmann and Doyle D. Sanders of Beving, Swanson & Forrest, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, NEUMAN, and TERNUS, JJ.

HARRIS, Justice.

A tenant has limited authority to render property subject to a mechanic's lien. The land should ordinarily be at risk only for the private obligations of an owner, so a tenant's authority to bind the land arises only when the improvement is in some way demanded by the lease. That is the situation here. The trial court in this case found a valid mechanic's lien was filed for materials ordered by a tenant who was required by the lease to obtain them. We affirm, vacating a contrary decision by the court of appeals.

Defendant Glen E. Petry owns a building in Des Moines which he rented to Midwest Concepts II, Inc. under a four-year written lease agreement. The lease specified the property was to be used as a tavern known as the Neon Moon Nightclub. The parties incorporated an addendum into the standard lease contract which provided in pertinent part:

> 32. This lease is conditioned upon tenant obtaining all licenses and permits necessary in the operation of a retail liquor business.

After the lease was signed, Midwest Concepts applied to the city for a liquor license. Part of the application process called for an electrical inspection. It was discovered the building did not meet minimum city code requirements for electrical wiring. In order to obtain the liquor license, and thus fulfill the purpose of the lease, the building had to be rewired.

Midwest Concepts subsequently contracted with G & S Sales and Service, Inc. to act as general contractor for modifications and improvements to the leased premises. G & S Sales and Service in turn contracted with plaintiff A & W Electrical Contractors, Inc. to perform the needed electrical work on the building. The electrical inspector permitted a license after work began. Midwest Concepts never opened for business.

A & W Electrical provided the necessary materials and labor but was not paid and therefore filed a mechanic's lien against the property in the amount of $11,680.42. Shortly thereafter A & W Electrical was paid $3000 by check drawn on a checking account in the name of "Neon Moon." Because the remainder of the bill was not paid, A & W Electrical filed this petition to foreclose its mechanic's lien, naming Petry and others as defendants. The district court granted summary judgment in favor of A & W Electrical.[1] The matter is before us on further review of a court of appeals decision reversing the summary judgment decree.

I. An action to enforce a mechanic's lien is in equity. Iowa Code § 572.26 (1997). Normally our review is therefore de novo. Iowa R.App. P. 4; *Ringland–Johnson–Crowley Co. v. First Cent. Serv. Corp.*, 255 N.W.2d 149, 151 (Iowa 1977). In this case we are however reviewing a grant of summary judgment. Summary judgment will be affirmed when the moving party has shown no genuine issues of material fact exist and the party is entitled to judgment as a matter of law. *Marcus v. Young*, 538 N.W.2d 285, 287 (Iowa 1995). When examining whether a genuine issue of fact exists we ordinarily view the evidence and record in the light most favorable to the non-movant. *Id.* Here however the parties agree that no genuine issue of material fact exists. Our role therefore is to decide whether, as a

1. The court also ruled in favor of Carpet Country, Inc., a separate supplier that also filed a mechanic's lien. Carpet Country's claim was rejected by the court of appeals. Because further review from that determination was not sought, Carpet Country's claim is no longer involved in the case.

matter of law, Midwest Concepts had a contractual obligation to improve Petry's property. *See* 53 Am.Jur.2d *Mechanics' Liens* § 145 (1996). We therefore review the district court's ruling on error. *Marcus,* 538 N.W.2d at 287. In doing so, we must be aware that a mechanic's lien is purely statutory in nature and is liberally construed to promote restitution, the prevention of unjust enrichment, and to assist parties in obtaining justice. *Carson v. Roediger,* 513 N.W.2d 713, 715 (Iowa 1994).

II. Iowa Code section 572.2 provides:

Every person who shall furnish any material or labor for, or perform any labor upon, any building or land for improvement, alteration, or repair thereof, including those engaged in the construction or repair of any work of internal or external improvement, ... by virtue of any contract with the owner, the owner's agent, trustee, contractor, or subcontractor shall have a lien upon such building or improvement, and land belonging to the owner on which the same is situated ..., to secure payment for material or labor furnished or labor performed.

Ordinarily mere knowledge of or consent to the making of improvements by a lessee does not subject the interest of the lessor to a mechanic's lien. *Stroh Corp. v. K & S Dev. Corp.,* 247 N.W.2d 750, 752 (Iowa 1976). A mechanic's lien claimant must prove either an express or implied contract with or on behalf of the lessor or vendor in order to claim a lien against the lessor's realty. *Ringland–Johnson–Crowley,* 255 N.W.2d at 151. The establishment of an express or implied agreement whereby the lessee is contractually bound to improve the lessor's property is a prerequisite to plaintiff's successful assertion of its claim. *Id.* at 151–52.[2]

III. The district court rested its decision on paragraph 32 of the addendum which conditions the lease upon the tenant obtaining all licenses and permits necessary to operate a tavern. Because the provision did not expressly require the tenant to improve the property by replacing the wiring, the question, under our holding in *Ringland–Johnson–Crowley,* becomes whether paragraph 32 impliedly required Midwest Concepts to install the new wiring.

We think the answer is yes. The lease did expressly require Midwest Concepts to operate a tavern. Paragraph 32 made the lease conditioned upon Midwest Concept's obtaining all licenses and permits necessary to operate a retail liquor business. This could be done only after replacing the electrical wiring. This amounts to implied authorization to contract for the wiring, and thereby enable a supplier to file and enforce a mechanic's lien. Authorities from other jurisdictions are in accord. *See Utley v. Wear,* 333 S.W.2d 787, 789 (Mo.Ct.App.1960) (tenant required to operate bar impliedly authorized to contract for improvements necessary for its operation); *Harner v. Schecter,* 105 A.D.2d 932, 482 N.Y.S.2d 124, 124–25 (1984) (mechanic's lien enforceable against bar-restaurant for improvements required to obtain license demanded in lease).

We conclude the district court was correct in entering summary judgment in favor of A & W Electrical.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

---

**2.** If this burden is met, the claimant must ordinarily further establish that: (1) the improvements made will become the property of the lessor in a comparatively short time; (2) the additions or alterations were in fact substantial, permanent, and beneficial to the realty and were so contemplated by the parties to the lease agreement; and (3) the rental payments reflected the increased value of the property as a result of these improvements. *Ringland–Johnson–Crowley,* 255 N.W.2d at 152; *see also Knudson v. Bland,* 253 Iowa 614, 618, 113 N.W.2d 242, 244 (1962); *Cassaday v. DeJarnette,* 251 Iowa 391, 396–97, 101 N.W.2d 21, 25 (1960). If no contract exists, these three factors do not need to be considered. *Ringland–Johnson–Crowley,* 255 N.W.2d at 153.

The three factors need not be explored in the present case because the parties do not dispute their existence. As mentioned, the parties agree that there are no material factual disputes and the case turns on the sole legal question mentioned.